# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| ALEKSANDR KHARCHENKO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FOLKSTON ICE PROCESSING CENTER,<br><br>Respondent. | 5:25-cv-229 |

**ORDER**

The Magistrate Judge issued a Report and Recommendation and in it recommends that the Court grant Respondent's Motion to Dismiss and deny Petitioner Aleksandr Kharchenko's ("Kharchenko") 28 U.S.C. § 2241 Petition. Dkt. No. 11. Kharchenko filed Objections to the Report and Recommendation. Dkt. No. 12.

In his Objections, Kharchenko states he was not seeking admission at the time of his detention on November 24, 2025, and thus, 8 U.S.C. § 1226(a) governs his detention, not 8 U.S.C. § 1225(b)(2)(A). Id. at 1. As a result, Kharchenko maintains that he is entitled to a bond hearing. Kharchenko asserts that his eight-month detention without a bond hearing violates his right to due process. Id. at 1-2.

Kharchenko did not raise a specific § 1226 argument in his Response to the Motion to Dismiss—he only stated that Respondent, in his Motion to Dismiss, mischaracterized Kharchenko's requested

relief as being for a bond hearing under § 1226. Dkt. No. 9 at 3. The Court generally does not entertain arguments raised for the first time in Objections. Patrick v. Warden, 828 F. App'x 518, 519 (11th Cir. 2020) (finding district judge has broad discretion in considering argument not presented to magistrate judge) (citing Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009)). However, even considering Kharchenko's contentions in his Objections, he has not shown that he is entitled to relief, i.e., that he is entitled to release or a bond hearing under § 1226.

Kharchenko entered the United States at a port of entry in 2022. Dkt. No. 11 at 1. Kharchenko immediately sought admission upon his arrival. Id. Kharchenko was charged as inadmissible because he lacked valid entry documents but was paroled into the country. Id. Kharchenko applied for relief with the immigration court on June 14, 2023. On October 8, 2025, an immigration judge denied Kharchenko's application and ordered him removed to Russia. Kharchenko appealed that order to the Board of Immigration Appeals, and the appeal remains pending.

When an alien enters the country at the border (including at a port of entry), the process to admit them or not is governed by statute. The Secretary of Homeland Security may "parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent

humanitarian reasons or significant public benefit any alien applying for admission into the United States . . . ." 8 U.S.C. § 1182(d)(5)(A). However, parole "shall not be regarded as admission of the alien." Id. An alien "present in the United States who has not been admitted or who arrives in the United States" is treated as "an applicant for admission." 8 U.S.C. § 1225(a)(1). Applicants for admission can fall into one of two categories: § 1225(b)(1) or § 1225(b)(2).

Kharchenko applied for admission upon his arrival at a port of entry. An immigration judge ordered Kharchenko's removal on October 8, 2025, and his appeal of that order of removal remains pending. https://acis.eoir.justice.gov/en/caseInformation, search using Kharchenko's A-number and nationality (last visited Sep. 28, 2026). At no point has Kharchenko ceased his efforts to be admitted to the United States. Regarding his custody status, Kharchenko was paroled into the United States, and his parole status was later revoked. But Kharchenko's status as a parolee into this country does not mean he had been admitted or that he ceased seeking admission. See § 1182(d)(5)(A). Instead, Kharchenko remains an applicant for admission, and his detention based on § 1225(b)(2) is appropriate. At the time Kharchenko was detained, he was seeking admission and was appealing the order of removal. Because § 1225(b)(2) governs Kharchenko's detention, he is not entitled to a bond hearing under § 1226(a).

The Court disposes of Kharchenko's final Objection succinctly. Kharchenko had only been detained less than a month when he filed his Petition and for three months when he responded to the Motion to Dismiss. Dkt. No. 11 at 6. A period of detention under § 1225 for a due process claim is typically measured at the time a petitioner files his petition, not at the time the Court issues its ruling.

In short, Kharchenko's Objections are not convincing, nor are they responsive to the Report and Recommendation. Thus, after an independent and de novo review of the entire record before the Magistrate Judge, the Court **OVERRULES** Kharchenko's Objections and **CONCURS WITH** and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. I **GRANT** Respondent's Motion to Dismiss and **DENY** Kharchenko's Petition. Dkt. Nos. 1, 7. I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Kharchenko leave to appeal *in forma pauperis*.

**SO ORDERED**, this 28 day of September, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA